PER CURIAM.
The parties in this workers’ compensation case apparently do not disagree with the finding of the Judge of Compensation Claims (JCC) that the claimant reached maximum medical improvement (MMI) from a physical standpoint on April 12, 2000, with a permanent impairment rating of 3%. The record indicates that the claimant was treated by Dr. Billingsley (psychiatrist) as the result of an emergency involuntary hospitalization on June 19, 2000, and that Dr. Billingsley thereafter monitored the claimant’s psychiatric condition and psychiatric medication until June 12, 2001, when he found that the claimant had reached psychiatric MMI with no work restrictions, but that he would need to stay on psychiatric medication. The record also indicates that the claimant was independently examined by two other psychiatrists in January 2001, both of whom ultimately either agreed with, or deferred to, Dr. Billingsley’s MMI opinion prior to the final hearing. Given that no other evidence was presented regarding whether the claimant has reached MMI from a psychiatric standpoint, the JCC’s finding that the claimant “has not reached psychiatric maximum medical improvement” is not supported by competent, substantial evidence.
Accordingly, the JCC’s finding that “Claimant has not reached psychiatric maximum medical improvement” is REVERSED. That portion of the order which directs the Employer/Carriers to pay the claimant “temporary total disability benefits from January 19, 2001 to date and continuing until he reaches psychiatric maximum medical improvement, or 104 weeks of temporary benefits have been paid” is also REVERSED.
The case is REMANDED to the JCC with directions that she correct the above-quoted directive in the order to award “temporary total disability benefits from January 19, 2001, to June 12, 2001,” or that she make a determination regarding psychiatric MMI that is supported by competent, substantial evidence, and correct the directive portion of the order to reflect that determination. In all other respects, the order is AFFIRMED.
BARFIELD, BROWNING, and LEWIS, JJ., concur.